**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **Microlog Corp.,** §<br>§<br>**Plaintiff,** §<br>§<br>**v.** §<br>§<br>**Continental Airlines, Inc.,** §<br>**La Quinta Corporation,** §<br>**Pizza Hut, Ltd.,** §<br>**salesforce.com, Inc.,** §<br>**Ford Motor Company,** §<br>**Chevron U.S.A., Inc.,** §<br>**Computer Sciences Corporation,** §<br>**CVS Pharmacy, Inc.,** §<br>**Lifenet, Inc.,** §<br>**NCR Corporation,** §<br>**1-800 Contacts, Inc.,** §<br>**Walgreen Co.,** §<br>**Aetna Health Inc.,** §<br>**Aetna Health Management, LLC,** §<br>**Access Mediquip LLC,** §<br>**The Timberland Company,** §<br>**Mashantucket Pequot Gaming Enterprise,** §<br>**Inc. d/b/a Foxwood Resort Casino,** §<br>**Genworth Financial Agency, Inc.,** §<br>**Genworth Financial, Inc.,** §<br>**First Horizon Home Loan Corporation, And** §<br>**First Horizon National Corporation,** §<br>§<br>**Defendants.** | **Civil Action No. 6:10-CV-260**<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Microlog Corp., ("Plaintiff" or "Microlog"), by and through its attorneys, for its

Complaint against Defendants demanding trial by jury, hereby alleges as against Defendants as

follows:

## I.  NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized infringement of United States Patent No. 7,092,509, issued on August 15, 2006, for "Contact Center System Capable of Handling Multiple Media Types of Contacts and Method for Using the Same" naming John C. Mears of Gaithersburg, Maryland, Gary E. Korzeniowski of New Market, Maryland, William R. Lewis, Jr. of Ellicott City, Maryland, and Ly K. Peang-Meth of Gaithersburg, Maryland as inventors (the "'509 Patent), a true and correct copy of which is attached hereto as **Exhibit 1**.

## II.  PARTIES

2.      Microlog is a corporation organized and existing under the laws of the State of Delaware and headquartered in Gaithersburg, Maryland.

3.      Continental Airlines, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Houston, Texas.  Continental Airlines, Inc. may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

4.      La Quinta Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 909 Hidden Ridge, Suite 600, Irving, Texas  75038-3822.  La Quinta Corporation may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas  77062.

5.      Pizza Hut, Ltd. is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 14841 N. Dallas Parkway, Dallas, Texas  75254-

2

7552.  Pizza Hut Ltd. may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

6.      salesforce.com, inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at The Landmark at One Market Street, Suite 300, San Francisco, California  94105.  salesforce.com, inc. may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

7.      Ford Motor Company is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 American Road, Dearborn, Michigan 48126.  Ford Motor Company may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

8.      Chevron U.S.A. Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with a principal place of business in San Ramon, California.  Chevron U.S.A. Inc. may be served with process by serving its registered agent, Prentice-Hall Corp System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas  78701-3218.

9.      Computer Sciences Corporation is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 2100 East Grand Avenue, El Segundo, California  90245.  Computer Sciences Corporation may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

10.     CVS Pharmacy, Inc. is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business in Woonsocket, Rhode Island.  CVS Pharmacy, Inc. may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

11.     Lifenet, Inc. is a corporation organized and existing under the laws of the State of Arkansas, with a principal place of business at 124 West Capital Avenue, Suite 1400, Little Rock, Arkansas  72201.  Lifenet, Inc. may be served with process by serving its registered agent, David Baumgardner, 6300 Hampton Road, Texarkana, Texas  75503.

12.     NCR Corporation is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business at 1700 South Patterson Boulevard, Dayton, Ohio  45479.  NCR Corporation may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

13.     1-800 Contacts, Inc. is a corporation with a principal place of business at 66 E. Wadsworth Park Dr., 3rd Floor, Draper, Utah 84020.  1-800 Contacts, Inc. may be served with process by serving one of the following officers at its principal place of business:  Brian W. Bethers, President; Robert G. Hunter, Chief Financial Officer; and Dave Walker, Vice President of Operations.

14.     Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 200 Wilmot Road, Deerfield, Illinois  60015. Walgreen Co. may be served with process by serving its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas  78701-3218.

15.     Aetna Health Inc. is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 9494 SW Freeway, Suite 300, Houston, Texas  77074.  Aetna Health Inc. may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

16.     Aetna Health Management, LLC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1209 Orange Street, Wilmington, Delaware  19801.  Aetna Health Management, LLC may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

17.     Access Mediquip, LLC is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 5002 Rogerdale Ave, #300, Houston, Texas  77072.  Access Mediquip, LLC may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

18.     The Timberland Company is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 701 Brazos Street, Suite 1050, Austin, Texas  78701.  The Timberland Company may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas  78701-3218.

19.     Mashantucket Pequot Gaming Enterprise, Inc. is a corporation, with a principal place of business at 39 Norwich Westerly Road, Ledyard, Connecticut  06339-1128. Mashantucket Pequot Gaming Enterprise, Inc. does business as Foxwoods Resort Casino and may be served with process by serving one of the following officers at its principal place of

business: John O'Brain, President; Michael Speller, Chief Executive Officer; and Robert Salvio, Executive Vice-President.

20.     Genworth Financial Agency, Inc. is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 6610 W. Broad Street, Richmond, VA  23230.  Genworth Financial Agency, Inc. may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas  78701-3218.

21.     Genworth Financial, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 6620 W. Broad Street, Richmond, VA  23230.  Genworth Financial Agency, Inc. may be served with process by serving one of the following officers at its principal place of business: Michael D. Frazier, Chairman, President and Chief Executive Officer; Patrick B. Kelleher, Senior Vice President; Michael S. Laming, Senior Vice President; Scott J. McKay, Senior Vice President; Joseph J. Pehota, Senior Vice President; Leon E. Roday, Senior Vice President, General Counsel and Secretary.

22.     First Horizon Home Loan Corporation is a corporation organized and existing under the laws of the State of Kansas, with a principal place of business at 4000 Horizon Way, Irving, Texas  75063.  First Horizon Home Loan Corporation may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201-4234.

23.     First Horizon National Corporation is a corporation organized and existing under the laws of the State of Tennessee, with a principal place of business at 165 Madison Avenue, Memphis, Tennessee  38103.  First Horizon National Corporation may be served with process by

serving its Corporate Secretary, Clyde A. Billings, Jr. at 165 Madison Avenue, Memphis, Tennessee 38103.

## III.  JURISDICTION AND VENUE

24.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285.  This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

25.     Defendants are subject to personal jurisdiction in Texas because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division.

26.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district.

## IV.  FACTUAL ALLEGATIONS

### MICROLOG

27.     Microlog has provided call and contact center management to public and private sector clients for over 40 years.  It is a pioneer in the field of integrated all-in-one contact management centers that support multiple communication media.  Its customers have included the United States Army, the United States Navy, the Veterans Administration, Scientific Games, and the Internal Revenue Service.

28.     Microlog's patented system and method enables companies to efficiently deal with and control the flow of the multiple types of media communication received from its

customers.  Communication today takes many forms:  fax, email, letters, and voice—multimedia call centers are necessary to handle these varying types of customer input and are revolutionizing how companies handle customer service.  Microlog initially released its system and method under the product name "uniQue" to reflect the unique nature of its common queue approach to customer communication routing.

29.    Microlog's uniQueAgent[TM] product was awarded the "Best in Show" award at the Computer Telephony Demo exhibition held in September 1998.  The award was given to Microlog in recognition of the invention that would ultimately be awarded the '509 patent.  Commentators noted that Microlog's product was on the "leading edge" as one of the "most important products shown at CT Demo/Expo Fall 98."  *See Teleconnect* Nov. 1998, "Best of Show Picks," a true and correct copy of which is attached hereto as **Exhibit 2**.   Other commentators awarded the uniQue product their "Best Call-Center Innovation" award and noted that Microlog was "taking more than just voice into the ACD, and going beyond even blended media.  It sounds kind of pie-in-the-sky, but they made it work for us on the floor."  *See Computer Telephony* Nov. 1998, "The Best of CT Demo & Expo 98," a true and correct copy of which is attached hereto as **Exhibit 3**.

30.    In addition to the '509 patent, Microlog has been awarded eight other patents in the call and contact center management field over the past 20 years.  Its patents are frequently cited by others in the industry for their novelty and contributions to the field.

## V.   COUNT ONE

## INFRINGEMENT BY CONTINENTAL AIRLINES, INC.

31.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

32.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

33.     Continental Airlines, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of phone and web-based chat support system having a centralized management control utilizing a single common queue.

34.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Continental Airlines, Inc.

35.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## VI.   COUNT TWO

## INFRINGEMENT BY LA QUINTA CORPORATION

36.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

37.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

38.     La Quinta Corporation, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based message support system having a universal queue with multiple interaction channels.

39.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by La Quinta Corporation.

40.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## VII.   COUNT THREE
## INFRINGEMENT BY PIZZA HUT, LTD.

41.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

42.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

43.     Pizza Hut, Ltd., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in

part, the establishment and use of its phone and email support system having inbound call routing, queue distribution, and results-based routing.

44.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Pizza Hut, Ltd.

45.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## VIII.   COUNT FOUR

## INFRINGEMENT BY SALESFORCE.COM, INC.

46.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

47.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.  Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

48.     salesforce.com, inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.  This infringement includes, in part, the establishment and use of its phone and email support system having inbound call routing, queue distribution, and results-based routing.

49.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by salesforce.com, inc.

50.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## IX.   COUNT FIVE

## INFRINGEMENT BY FORD MOTOR COMPANY

51.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

52.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

53.     Ford Motor Company, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and email support system having a universal queue with customer profile routing.

54.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Ford Motor Company.

55.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## X.   COUNT SIX

## INFRINGEMENT BY CHEVRON U.S.A., INC.

56.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

57.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.  Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

58.     Chevron U.S.A., Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.  This infringement includes, in part, the establishment and use of its phone and email support system having a universal queue with customer profile routing.

59.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Chevron U.S.A., Inc.

60.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XI.   COUNT SEVEN

## INFRINGEMENT BY COMPUTER SCIENCES CORPORATION

61.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

62.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

63.     Computer Sciences Corporation, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based support system having a multichannel universal queue with inbound routing.

64.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Computer Sciences Corporation.

65.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XII.   COUNT EIGHT

## INFRINGEMENT BY CVS PHARMACY, INC.

66.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

67.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

68.     CVS Pharmacy, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement

includes, in part, the establishment and use of its phone and email support system having a multichannel universal queue with inbound routing.

69.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by CVS Pharmacy, Inc.

70.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

### XIII.   COUNT NINE

### INFRINGEMENT BY LIFENET, INC.

71.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

72.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.  Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

73.     Lifenet, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.  This infringement includes, in part, the establishment and use of its phone and web-based support system having a multichannel universal queue with inbound routing.

74.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Lifenet, Inc.

75.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XIV.   COUNT TEN

## INFRINGEMENT BY NCR CORPORATION

76.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

77.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

78.     NCR Corporation, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based support system having a centralized management control of single queue call routing system.

79.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by NCR Corporation.

80.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XV.   COUNT ELEVEN

## INFRINGEMENT BY 1-800 CONTACTS, INC.

81.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

82.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

83.     1-800 Contacts, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based support system having a centralized management control of single queue call routing system.

84.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by 1-800 Contacts, Inc.

85.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XVI.   COUNT TWELVE

## INFRINGEMENT BY WALGREEN CO.

86.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

87.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

88.     Walgreen Co., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based support having system a multichannel access and multichannel queue with priority routing.

89.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Walgreen Co.

90.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XVII.   COUNT THIRTEEN

## INFRINGEMENT BY AETNA HEALTH INC.

91.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

92.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

93.     Aetna Health Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in

part, the establishment and use of its phone and web-based support system having a universal work queue with multi-channel routing.

94.      Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Aetna Health, Inc.

95.      Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XVIII.   COUNT FOURTEEN

## INFRINGEMENT BY AETNA HEALTH MANAGEMENT, LLC

96.      Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

97.      Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

98.      Aetna Health Management, LLC, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based support system having a universal work queue with multi-channel routing.

99.      Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Aetna Health Management, LLC.

100.    Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XIX.   COUNT FIFTEEN

## INFRINGEMENT BY ACCESS MEDIQUIP, LLC

101.    Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

102.    Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

103.    Access Mediquip, LLC, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and web-based support system having a universal work queue with multi-channel routing.

104.    Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Access Mediquip, LLC.

105.    Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XX.   COUNT SIXTEEN

## INFRINGEMENT BY THE TIMBERLAND COMPANY

106.   Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

107.   Microlog is the assignee and owner of all right, title and interest to the '509 Patent.  Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

108.   The Timberland Company, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.  This infringement includes, in part, the establishment and use of its phone and web-based support system having a universal queue with multiple interaction channels.

109.   Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by The Timberland Company.

110.   Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XXI.   COUNT SEVENTEEN

## INFRINGEMENT BY MASHANTUCKET PEQUOT GAMING ENTERPRISE, INC.

111.   Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

112.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

113.     Mashantucket Pequot Gaming Enterprise, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271. This infringement includes, in part, the establishment and use of its phone and web-based support system having a universal media-independent contact engine incorporating routing strategies.

114.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Mashantucket Pequot Gaming Enterprise, Inc.

115.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XXII.   COUNT EIGHTEEN

## INFRINGEMENT BY GENWORTH FINANCIAL AGENGY, INC.

116.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

117.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

118.     Genworth Financial Agency, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This

infringement includes, in part, the establishment and use of its phone and email support system having a multi-channel routing and universal work queue with skills-based routing.

119.    Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Genworth Financial Agency, Inc.

120.    Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XXIII.   COUNT NINETEEN

## INFRINGEMENT BY GENWORTH FINANCIAL, INC.

121.    Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

122.    Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

123.    Genworth Financial, Inc., without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its phone and email support system having a multi-channel routing and universal work queue with skills-based routing.

124.    Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by Genworth Financial, Inc.

125.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XXIV.   COUNT TWENTY

## INFRINGEMENT BY FIRST HORIZON HOME LOAN CORPORATION

126.     Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

127.     Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

128.     First Horizon Home Loan Corporation, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its customer support system having multichannel access with multichannel queue having a priority based routing.

129.     Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by First Horizon Home Loan Corporation.

130.     Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XXV.   COUNT TWENTY-ONE

## <u>INFRINGEMENT BY FIRST HORIZON NATIONAL CORPORATION</u>

131.    Microlog incorporates by reference its allegations in Paragraphs 1-30 as if fully restated in this paragraph.

132.    Microlog is the assignee and owner of all right, title and interest to the '509 Patent.   Microlog has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

133.    First Horizon National Corporation, without permission of Microlog, has been and still is infringing the '509 Patent as infringement is defined by 35 U.S.C. § 271.   This infringement includes, in part, the establishment and use of its customer support system having multichannel access with multichannel queue having a priority based routing.

134.    Microlog practices the invention claimed in the '509 Patent and offers competing products to the infringing equipment utilized by First Horizon National Corporation.

135.    Microlog requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

## XXVI.   JURY DEMAND

136.    Plaintiff Microlog demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## XXVII.   PRAYER FOR RELIEF

WHEREFORE, Microlog prays for judgment and seeks relief against Defendants as follows:

A.      That the Court declare that the '509 Patent is infringed by all Defendants;

B.      That the Court award damages adequate to compensate Microlog for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement; and

C.      That the Court awards such other relief as this Court deems just and proper.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)

Raymond W. Mort, III
Texas State Bar No. 00791308
Jay D. Ellwanger
Texas State Bar No. 24036522
**DiNovo Price Ellwanger& Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627
rmort@dpehlaw.com
jellwanger@dpelaw.com

**ATTORNEYS FOR PLAINTIFF
MICROLOG CORP**