**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **MICROLOG CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CA NO. 6:10-cv-00260-LED** |
| **v.** | § | |
| | § | |
| **CONTINENTAL AIRLINES, INC., ET AL.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **Defendants**. | § | |

## ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT NCR CORPORATION

Defendant NCR Corporation ("NCR"), pursuant to Federal Rules of Civil Procedure 7, 8, 12 and 13, files its Answer, Affirmative Defenses, and Counterclaim to the Second Amended Complaint of Plaintiff Microlog Corp. ("Plaintiff" or "Microlog") as follows.

## ANSWER AND AFFIRMATIVE DEFENSES

### I. NATURE OF THE ACTION

1.      NCR admits that this action relates to Plaintiff's claim that NCR infringes U.S. Patent No. 7,092,509 ("the '509 patent").  NCR admits that a copy of the '509 patent is attached as Exhibit 1 to the Second Amended Complaint, and admits further that the title of the patent, the date the patent issued, and the purported inventors are all identified on the face of the patent and that the patent indicates that it issued on August 15, 2006.  NCR denies that it has infringed the '509 patent under any theory and further denies that Plaintiff is entitled to any relief.  To the extent Paragraph 1 is deemed to require a response with respect to other defendants, NCR is without knowledge or information sufficient to admit or deny the allegations with respect to

other defendants.  NCR denies the remaining allegations of Paragraph 1 of the Second Amended Complaint.

## II. PARTIES

2.      NCR is without knowledge or information sufficient to enable it to either admit or deny the allegations contained in Paragraph 2 of the Second Amended Complaint.

3.      NCR is without knowledge or information sufficient to enable it to either admit or deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

4.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4 of the Second Amended Complaint.

5.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 of the Second Amended Complaint.

6.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 6 of the Second Amended Complaint.

7.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of the Second Amended Complaint.

8.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 8 of the Second Amended Complaint.

9.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 9 of the Second Amended Complaint.

10.      NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 10 of the Second Amended Complaint.

11.     NCR admits that it is a corporation organized and existing under the laws of the State of Maryland, but that its place of business at 3097 Satellite Blvd., Duluth, Georgia 30096, and that it may be served in this lawsuit by serving its counsel of record.

12.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 12 of the Second Amended Complaint.

13.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 of the Second Amended Complaint.

14.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 14 of the Second Amended Complaint.

15.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 15 of the Second Amended Complaint.

16.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 16 of the Second Amended Complaint.

17.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 17 of the Second Amended Complaint.

18.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 of the Second Amended Complaint.

19.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 19 of the Second Amended Complaint.

20.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 20 of the Second Amended Complaint.

21.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 21 of the Second Amended Complaint.

US2008 1430193.5

22.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 22 of the Second Amended Complaint.

### III. JURISDICTION AND VENUE

23.     NCR admits that this action purports to be one arising under the patent laws of the United States and that this Court therefore has exclusive jurisdiction over the subject matter of this action.

24.     NCR admits that it is subject to personal jurisdiction in Texas.  To the extent Paragraph 24 requires a response as to the other defendants, NCR is without sufficient knowledge or information to either admit or deny the allegations as to the other defendants.

25.     NCR admits that Plaintiff purports that venue is proper in this district as to NCR but otherwise denies the allegations as to the appropriateness of venue in this District.  To the extent Paragraph 25 requires a response as to the other defendants, NCR is without sufficient knowledge or information to either admit or deny the allegations as to the other defendants.

### IV. FACTUAL ALLEGATIONS

### MICROLOG

26.     NCR is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 26 of the Second Amended Complaint.

27.     NCR admits that today's communication may take many forms.  NCR is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 27 and therefore denies the same.

28.     NCR admits that Microlog has attached a copy of a *Teleconnect* magazine article as Exhibit 2 to the Second Amended Complaint and a copy of a *Computer Telephony* magazine article as Exhibit 3 to the Second Amended Complaint.  NCR is without sufficient knowledge or

US2008 1430193.5

information to either admit or deny the remaining allegations of Paragraph 28 and therefore denies the same.

29.     NCR is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 29 of the Second Amended Complaint and therefore denies the same.

## V. COUNT ONE

## INFRINGEMENT BY CONTINENTAL AIRLINES, INC.

30.     NCR incorporates by reference each of the averments in paragraphs 1-29 above as if fully restated in this paragraph.

31.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 31 of the Second Amended Complaint.

32.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 32 of the Second Amended Complaint.

33.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 33 of the Second Amended Complaint.

34.     NCR admits that Microlog is seeking monetary damages.  To the extent Paragraph 34 requires a response, NCR is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 34 of the Second Amended Complaint.

## VI. COUNT TWO

## INFRINGEMENT BY LA QUINTA CORPORATION

35.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

36.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 36 of the Second Amended Complaint.

US2008 1430193.5

37.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 37 of the Second Amended Complaint.

38.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 38 of the Second Amended Complaint.

39.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 39 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 39 of the Second Amended Complaint.

## VII. COUNT THREE

## INFRINGEMENT BY PIZZA HUT, LTD.

40.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

41.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 41 of the Second Amended Complaint.

42.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 42 of the Second Amended Complaint.

43.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 43 of the Second Amended Complaint.

44.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 44 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 44.

US2008 1430193.5

## VIII. COUNT FOUR

### INFRINGEMENT BY SALESFORCE.COM, INC.

45.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

46.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 46 of the Second Amended Complaint.

47.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 47 of the Second Amended Complaint.

48.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 48 of the Second Amended Complaint.

49.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 49 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 49 of the Second Amended Complaint.

## IX. COUNT FIVE

### INFRINGEMENT BY FORD MOTOR COMPANY

50.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

51.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 51 of the Second Amended Complaint.

52.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 52 of the Second Amended Complaint.

53.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 53 of the Second Amended Complaint.

54.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 54 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 54.

## X. COUNT SIX

## <u>INFRINGEMENT BY CHEVRON U.S.A., INC.</u>

55.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

56.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 56 of the Second Amended Complaint.

57.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 57 of the Second Amended Complaint.

58.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 58 of the Second Amended Complaint.

59.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 59 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 59.

## XI. COUNT SEVEN

## <u>INFRINGEMENT BY COMPUTER SCIENCES CORPORATION</u>

60.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

61.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 61 of the Second Amended Complaint.

US2008 1430193.5

62.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 62 of the Second Amended Complaint.

63.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 63 of the Second Amended Complaint.

64.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 64 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 64.

## XII. COUNT EIGHT

## INFRINGEMENT BY CVS PHARMACY, INC.

65.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

66.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 66 of the Second Amended Complaint.

67.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 67 of the Second Amended Complaint.

68.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 68 of the Second Amended Complaint.

69.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 69 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 69.

US2008 1430193.5

## XIII. COUNT NINE

## **INFRINGEMENT BY NCR CORPORATION**

70.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

71.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 71 of the Second Amended Complaint and therefore denies the same.

72.     NCR denies the allegations contained in Paragraph 72 of the Second Amended Complaint.

73.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 73 of the Second Amended Complaint and therefore denies the same.

74.     NCR admits that Microlog is seeking monetary damages, but  denies that Plaintiff is entitled to any relief, including the relief sought from NCR in Paragraph 74 of the Second Amended Complaint

## XIV. COUNT TEN

## **INFRINGEMENT BY 1-800 CONTACTS, INC.**

75.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

76.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 76 of the Second Amended Complaint.

77.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 77 of the Second Amended Complaint.

78.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 78 of the Second Amended Complaint.

US2008 1430193.5

79.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 79 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 79.

## XV. COUNT ELEVEN

## INFRINGEMENT BY WALGREEN CO.

80.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

81.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 81 of the Second Amended Complaint.

82.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 82 of the Second Amended Complaint.

83.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 83 of the Second Amended Complaint.

84.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 84 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 84.

## XVI. COUNT TWELVE

## INFRINGEMENT BY AETNA HEALTH INC.

85.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

86.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 86 of the Second Amended Complaint.

US2008 1430193.5

87.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 87 of the Second Amended Complaint.

88.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 88 of the Second Amended Complaint.

89.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 89 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 89.

## XVII. COUNT THIRTEEN

## INFRINGEMENT BY AETNA HEALTH MANAGEMENT, LLC

90.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

91.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 91 of the Second Amended Complaint.

92.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 92 of the Second Amended Complaint.

93.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 93 of the Second Amended Complaint.

94.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 94 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 94.

US2008 1430193.5

## XVIII. COUNT FOURTEEN

## INFRINGEMENT BY ACCESS MEDIQUIP, LLC

95.     NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

96.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 96 of the Second Amended Complaint.

97.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 97 of the Second Amended Complaint.

98.     NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 98 of the Second Amended Complaint.

99.     NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 99 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 99.

## XIX. COUNT FIFTEEN

## INFRINGEMENT BY THE TIMBERLAND COMPANY

100.   NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

101.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 101 of the Second Amended Complaint.

102.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 102 of the Second Amended Complaint.

103.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 103 of the Second Amended Complaint.

104.   NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 104 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 104.

## XX. COUNT SIXTEEN

## INFRINGEMENT BY MASHANTUCKET PEQUOT GAMING ENTERPRISE, INC.

105.   NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

106.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 106 of the Second Amended Complaint.

107.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 107 of the Second Amended Complaint.

108.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 108 of the Second Amended Complaint.

109.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 109 of the Second Amended Complaint.

110.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 110 of the Second Amended Complaint.

111.   NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 111 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 111.

US2008 1430193.5

## XXI. COUNT SEVENTEEN

## INFRINGEMENT BY GENWORTH FINANCIAL AGENCY, INC.

112.   NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

113.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 113 of the Second Amended Complaint.

114.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 114 of the Second Amended Complaint.

115.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 115 of the Second Amended Complaint.

116.   NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 116 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 116.

## XXII. COUNT EIGHTEEN

## INFRINGEMENT BY GENWORTH FINANCIAL, INC.

117.   NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

118.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 118 of the Second Amended Complaint.

119.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 119 of the Second Amended Complaint.

120.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 120 of the Second Amended Complaint.

US2008 1430193.5

121.   NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 121 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 121.

## XXIII. COUNT NINETEEN

## INFRINGEMENT BY FIRST HORIZON HOME LOAN CORPORATION

122.   NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

123.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 123 of the Second Amended Complaint.

124.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 124 of the Second Amended Complaint.

125.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 125 of the Second Amended Complaint.

126.   NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 126 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 126.

## XXIV. COUNT TWENTY

## INFRINGEMENT BY FIRST HORIZON NATIONAL CORPORATION

127.   NCR incorporates by reference each of the averments in Paragraphs 1-29 above as if fully restated in this paragraph.

128.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 128 of the Second Amended Complaint.

US2008 1430193.5

129.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 129 of the Second Amended Complaint.

130.   NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 130 of the Second Amended Complaint.

131.   NCR admits that Microlog is seeking monetary damages. To the extent Paragraph 131 requires a response, NCR is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 131.

### XXVI. JURY DEMAND

132.   NCR admits that Microlog has requested a trial by jury in this case.

133.   NCR denies any express or implied allegations not otherwise responded to in this Answer.

134.   NCR denies that Plaintiff is entitled to any relief requested in its prayer for relief.

### AFFIRMATIVE DEFENSES

NCR alleges and asserts the following defenses in response to the allegations by Microlog, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  NCR reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

### FIRST AFFIRMATIVE DEFENSE

135.   The Second Amended Complaint fails to state a claim upon which relief may be granted.

US2008 1430193.5

## SECOND AFFIRMATIVE DEFENSE

136.   NCR has not infringed and is not infringing, has not induced and is not inducing, and has not contributed and is not contributing to the infringement of the '509 Patent.

## THIRD AFFIRMATIVE DEFENSE

137.   Plaintiff is estopped by virtue of prior art or due to conduct and representations during the prosecution of the '509 Patent from asserting infringement against NCR.

## FOURTH AFFIRMATIVE DEFENSE

138.   Some or all of the claims of the '509 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

139.   The equitable doctrines of waiver, estoppel, and/or laches bar some or all of Plaintiff's claims for damages and other relief.

## SIXTH AFFIRMATIVE DEFENSE

140.   To the extent that Microlog, its alleged predecessors in interest to the patent-in-suit, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that NCR's actions allegedly infringed the patent-in-suit, NCR is not liable to Microlog for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patent-in-suit.

## COUNTERCLAIM

Counterclaim Plaintiff NCR Corporation ("NCR") hereby asserts the following counterclaim for declaratory judgment against Counterclaim Defendant Microlog Corp. ("Microlog"):

18

US2008 1430193.5

## I. NATURE OF THE ACTION

1.      NCR seeks a declaration pursuant to 28 U.S.C. §§ 2201 *et seq*. that some or all of the claims of U.S. Patent No. 7,092,509 ("the '509 patent") are invalid and are not infringed.

## II. JURISDICTION AND VENUE

2.      Subject to NCR's affirmative defenses and denials above, NCR alleges that this Court has jurisdiction over the subject matter of these Counterclaims without limitation, under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  These counterclaims arise under the patent laws of the United States.  Therefore, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

3.      Microlog has availed itself of this forum and is therefore subject to personal jurisdiction.

## III. PARTIES

4.      NCR is a Maryland corporation with its headquarters in Duluth, Georgia.

5.      Upon information and belief, Microlog is a Delaware corporation with a place of business in Gaithersburg, Maryland.

## IV. BACKGROUND

6.      Microlog claims to be the assignee and owner of the entire right, title, and interest in and to the '509 patent entitled "Contact Center System Capable of Handling Multiple Media Types of Contacts and Method for Using the Same," which issued on August 15, 2006.

## V. COUNT ONE

### Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202

7.      NCR repeats the allegations of Paragraphs 1 through 6 of this Counterclaim as if fully restated in this paragraph.

US2008 1430193.5

8.      Microlog has alleged that NCR has infringed and is continuing to infringe the '509 patent.  NCR denies that it has infringed any valid claim of the '509 patent.

9.      Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

10.     NCR is entitled to a declaration by this Court that NCR has not infringed and is not infringing any valid claim of the '509 patent.

11.     NCR is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## VI. COUNT TWO

### Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202

12.     NCR repeats the allegations of Paragraphs 1 through 11 of this Counterclaim as if fully restated in this paragraph.

13.     Microlog has alleged that NCR has infringed and is continuing to infringe the '509 patent.  NCR denies these allegations because, among other reasons, the claims of the '509 patent are invalid under the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

14.     Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

15.     NCR is entitled to a declaration by this Court rendering some or all of the claims of the '509 patent invalid.

16.     NCR is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

US2008 1430193.5

**JURY DEMAND**

17.     NCR demands trial by jury on the counts raised in this Counterclaim.

**WHEREFORE**, NCR respectfully prays that the Court enter judgment:

a.      Declaring that NCR has not infringed and/or is not infringing any valid claim of the '509 patent;

b.      Declaring that the claims of the '509 patent are invalid;

c.      Entering judgment in favor of NCR dismissing Microlog's Second Amended Complaint with prejudice;

d.      Declaring this an exceptional case under 35 U.S.C. § 285;

e.      Awarding NCR its costs, including attorneys' fees, incurred in defending this action; and

f.      Awarding NCR such other relief as the Court deems just and proper.

21

This 20th day of October, 2010.

/s/ Stephen E. Baskin.
Stephen E. Baskin (admitted *pro hac vice*)
D.C. Bar No. 456015
KILPATRICK STOCKTON LLP
607 14th Street NW, Suite 900
Washington, DC 20005-2018
Telephone: (202) 508-5800
Fax:  (202) 508-5858

Wilson L. White (admitted *pro hac vice*)
Georgia Bar No. 771173
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Fax: (404) 815-6555

Douglas R. McSwane, Jr.
Texas Bar No. 13861300
POTTER MINTON P.C.
110 N. College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Fax:  (903) 593-0846

Attorneys for Defendant NCR Corporation

US2008 1430193.5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **MICROLOG CORP.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CA NO. 6:10-cv-00260-LED** |
| **v.** | § | |
| | § | |
| **CONTINENTAL AIRLINES, INC., ET AL.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **Defendants**. | § | |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, per Local Rule CV-5(a)(3), on October 20, 2010.


s/ Stephen E. Baskin.
Stephen E. Baskin

US2008 1430193.5