IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICROLOG CORP., | § | |
| | § | C.A. No. 6:10-cv-260-LED |
| Plaintiff, | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CONTINENTAL AIRLINES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### THIRD-PARTY DEFENDANT EGAIN COMMUNICATIONS CORPORATION'S ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant eGain Communications Corporation ("eGain") hereby answers the Third-Party Complaint filed by La Quinta Corporation ("La Quinta") as follows:

### PARTIES

1. eGain is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of La Quinta's Third-Party Complaint, and therefore denies them.

2. eGain admits it is a Delaware corporation with its principal place of business in California. To the extent not expressly admitted, eGain denies any remaining allegations of Paragraph 2 of La Quinta's Third-Party Complaint.

### JURISDICTION AND VENUE

3. eGain admits that the allegations in the underlying action purport to assert an action in patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies the legal sufficiency of those claims and allegations. eGain admits that the Court has jurisdiction of the underlying action under 28 U.S.C. §§ 1331 and 1338(a). To the

extent not expressly admitted, eGain denies any remaining allegations of Paragraph 3 of La Quinta's Third-Party Complaint.

4. Denied.

5. Denied.

6. eGain admits that venue is proper in this District, but denies that venue is convenient in this District. To the extent not expressly admitted, eGain denies any remaining allegations of Paragraph 6 of the Third-Party Complaint.

## FACTS

7. eGain incorporates its responses to Paragraphs 1 through 6 to La Quinta's Third-Party Complaint as if fully set forth herein.

8. eGain admits that Microlog filed its original complaint for patent infringement against La Quinta on May 21, 2010. eGain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Third-Party Complaint, and therefore denies them.

9. eGain admits that Microlog filed its amended complaint for patent infringement against La Quinta on October 4, 2010. eGain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Third-Party Complaint, and therefore denies them.

10. eGain admits it provided La Quinta with eGain Mail software. eGain denies the remaining allegations of Paragraph 10 of the Third-Party Complaint.

11. eGain admits that eGain and La Quinta entered into a Software License and Services Agreement ("Contract") to use eGain Mail on August 28, 2003. To the extent not expressly admitted, eGain denies any remaining allegations of Paragraph 11 of the Third-Party Complaint.

12. eGain admits the Contract included an indemnity provision. To the extent not expressly admitted, eGain denies any remaining allegations of Paragraph 12 of the Third-Party Complaint.

13. eGain admits that La Quinta sent eGain written notification of Microlog's claim on June 24, 2010. To the extent not expressly admitted, eGain denies any remaining allegations of Paragraph 13 of the Third-Party Complaint.

14. eGain admits that La Quinta sent eGain a copy of Microlog's infringement contentions on November 24, 2010. To the extent not expressly admitted, eGain denies any remaining allegations of Paragraph 14 of the Third-Party Complaint.

15. eGain denies that La Quinta provided eGain with reasonable information and assistance for the defense of the Microlog action. eGain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Third-Party Complaint, and therefore denies them.

16. Denied.

17. Denied.

18. Denied.

## COUNT 1

## BREACH OF CONTRACT

19. eGain incorporates its responses to Paragraphs 1 through 18 to La Quinta's Third-Party Complaint as if fully set forth herein

20. Denied.

21. Denied.

22. Denied.

23. eGain is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Third-Party Complaint, and therefore denies them.

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

eGain denies that La Quinta is entitled to any relief requested in its Third-Party Complaint or otherwise.

### JURY DEMAND

eGain hereby demands a trial by jury on all issues.

Dated: October 26, 2011                 Respectfully submitted,

/s/ Samuel E. Stubbs
Samuel E. Stubbs (SBN 19434500)
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, TX 77010-1018
Telephone: (713) 276-7600
Facsimile: (713) 276-7673

David A. Jakopin
Matthew W. Hindman
PILLSBURY WINTHROP SHAW PITTMAN LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: 650.233.4500
Facsimile: 650.233.4545

**ATTORNEYS FOR DEFENDANT EGAIN COMMUNICATIONS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 26, 2011.

/s/Samuel E. Stubbs